[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17244
Non-Argument Calendar

_____

D. C. Docket No. 04-00131-CR-A-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSE CRUMPTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 26, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Alphonse Crumpton appeals his conviction and 138-month sentence for

possession with intent to distribute cocaine base and possession with intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Prior to trial, Crumpton filed a motion to suppress the evidence obtained during the search of his residence. The search occurred after a warrant was issued based on the claims of a confidential informant. The magistrate judge recommended that the district court deny Crumpton's motion to suppress, and neither party challenged that recommendation.

Accordingly, the district court denied the motion, and Crumpton entered an unconditional guilty plea on all three counts. The sentencing guidelines range for the two drug counts was 78-97 months, and the two sentences could be served concurrently. The firearm offense carried a statutory minimum of five years to be served consecutively with the other two sentences. The court sentenced Crumpton at the low end of the guidelines range (78 months) for the two drug offenses and at the statutory minimum (60 months) for the firearm offense for a total of 138 months imprisonment. Crumpton now appeals both the denial of his motion to suppress and his sentence, arguing that the district court erred by (1) denying his motion to suppress without an evidentiary hearing, (2) failing to clearly state its reasons for entering an 138-month sentence, and (3) imposing an unreasonable

2

sentence.

**I.**

First, we address whether the district court erred in denying Crumpton's motion to suppress without holding an evidentiary hearing. Crumpton contends that the affidavit used to issue the search warrant was insufficient to support a finding of probable cause because it lacked a basis for confirming the reliability of the confidential source. Specifically, Crumpton claims that the agent's mere assertion that the source was reliable, without any support for that conclusion, was insufficient.

The affidavit stated that the confidential source was reliable and had been reliable in the past. It further stated that the source went to Crumpton's residence and bought marijuana within 72 hours before the affidavit was signed. The source also claimed to have seen more marijuana at the time of the purchase and stated that he had purchased drugs at Crumpton's home on prior occasions, but the affidavit lacked details about these alleged prior purchases. Additionally, the source stated that drugs were hidden in vehicles located on Crumpton's property.

The magistrate judge, after deciding that Crumpton was making a facial challenge that did not require an evidentiary hearing, recommended that the district court deny the motion to suppress because the affidavit was sufficient on its face to

3

establish probable cause. Neither party filed any objections, and the district court subsequently denied the motion. Crumpton then entered a voluntary, unconditional guilty plea and was sentenced.

Our circuit law is clear that when a defendant enters a voluntary, unconditional guilty plea, he waives the right to challenge all nonjurisdictional defects in the proceedings, which would include a court's denial of a motion to suppress. United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2)." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997).

In this case, there is no question that Crumpton entered an unconditional plea with no plea agreement. Where there is a plea agreement, Federal Rule of Criminal Procedure 11(b)(1)(N) requires that the district court inform the defendant of "the terms of any plea-agreement provision waiving the right to appeal" in open court during the colloquy. But there is nothing in Rule 11 imposing an obligation on the district court to inform the defendant that his unconditional plea waives some of his appellate rights. See United States v. Lampazianie, 251 F.3d 519, 526 & n.21 (5th Cir. 2001) (finding that although it is

the preferred practice for the district court to advise the defendant that an unconditional guilty plea waives the right to appeal any nonjurisdictional issues, where there is no plea agreement, the court has no obligation to explain the waiver); United States v. Bell, 966 F.2d 914, 917 (5th Cir. 1992) ("The district court did not expressly advise [the defendant] that by pleading guilty he would be waiving his right to seek appellate review of [nonjurisdictional issues], but neither Rule 11 nor our decisional law commands the district court to offer that warning.").

Nor can we find any binding circuit precedent suggesting that the district court must inform a defendant entering an unconditional, voluntary guilty plea that he is waiving his right to appeal any nonjurisdictional issues. Crumpton does not contend that the district court failed to inform him of anything else in his Rule 11 colloquy. He only claims that the court was required to explain the general waiver effect a guilty plea has on appellate rights. This is simply not the law, and therefore, we find that Crumpton waived the right to appeal the district court's denial of his motion to suppress when he entered an unconditional, voluntary guilty plea.

## II.

In addition to challenging the district court's denial of his motion to

suppress, Crumpton raises two claims regarding his sentencing. First he argues that the district court violated 18 U.S.C. § 3553(c)(1) by failing to provide a sufficient discussion of its reasons for imposing the 138-month sentence. Specifically, he argues that after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), additional particularity is required to allow for the proper appellate review of the reasonableness of a sentence. Second, he argues that his sentence was unreasonable in light of 18 U.S.C. § 3553(a) because of his medical conditions and his susceptibility to prison abuse.

**A.**

First, we address whether the district court sufficiently explained why it chose to impose a 138-month sentence on Crumpton, which was at the bottom of the range for the two drug counts plus the statutory minimum for the firearm count. "The question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed de novo, even if the defendant did not object below." United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006).

According to § 3553(c)(1), when a district court imposes a sentence that is (1) within the guidelines range and (2) greater than 24 months, it must state "the reason for imposing a sentence at [that] particular point in the range" in open court at the time of sentencing. 18 U.S.C. § 3553(c)(1). We have acknowledged that

6

§ 3553(c)(1) does not require the same degree of specificity as § 3553(c)(2), where the sentence imposed is outside of the guidelines range. See United States v. Veteto, 920 F.2d 823, 826 (11th Cir. 1991). However, the sentencing court must give some reason for the sentence that it imposes, even if it is within the guidelines range. Id. In explaining its reasons, the sentencing court should "tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a)." United States v. Parrado, 911 F.2d 1567, 1572 (11th Cir. 1990). We have held that nothing in Booker requires the district court to discuss each factor individually. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

In considering whether the district court properly considered the § 3553(a) factors, we have held that where the record reflects that the district court considered the factors, the district court's statement that it considered the defendant's arguments and the factors is sufficient to show proper consideration. Id. at 1330. In Scott, our discussion was based on the district court's consideration of the § 3553(a) factors and not whether the district court complied with § 3553(c)(1). See id. But we have, in the context of § 3553(c)(1), recently reiterated that although the district court must consider and refer to the factors, it is not required to discuss each factor individually, "particularly where . . . it is

7

obvious the court considered many of the § 3553(a) factors." Bonilla, 463 F.3d at 1182.

Here, the district court considered the § 3553(a) factors and set out a reasonable explanation for its sentencing decision. The court specifically discussed Crumpton's medical condition both while considering his request for a downward departure and while imposing his sentence. Crumpton admitted that, prior to his arrest, he did not have regular access to medical care. On that basis, the district court determined that placing Crumpton in a federal medical facility, as opposed to home detention, would better facilitate the medical treatment he clearly needs. Whatever care the federal facility could provide would no doubt be better than the lack of care Crumpton would otherwise receive. This finding clearly reflected consideration of § 3553(a)(2)(D), which provides that the court shall consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care."

Additionally, the district court stated at sentencing that it had considered "the facts of the case," "the nature of the offense," the applicable guidelines range, and "the nature of [Crumpton's] condition" along with other factors in making its sentencing determination. Both concerns expressed by Crumpton before the district court, his medical condition and susceptibility to violence by other inmates,

were considered when the court decided to sentence him to a medical facility instead of to a general population prison. The district court, in compliance with § 3553(c)(1), adequately explained its reasons for imposing the sentence that it did.

**B.**

Finally, Crumpton argues that his sentence was unreasonable in light of 18 U.S.C. § 3553(a) because of his medical condition and susceptibility to prison abuse. Noting that a sentence within the guidelines range is not per se reasonable, he contends that the district court must have given undue weight to the guidelines.

When reviewing a sentence imposed by the district court, we must first ensure that the court correctly calculated the guidelines range. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam). Then, we review the sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors. Id. at 1246. "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Furthermore, although a sentence within the guidelines range is not per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

At the outset, we note that Crumpton does not specifically argue that the 60-month sentence imposed for possessing a firearm in furtherance of a drug

9

trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i) was unreasonable. Thus, he waives that claim. See Greenbrier, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that a party waives an issue by failing to argue the merits of it in his brief on appeal). However, even if he had not waived the issue, the reasonableness argument does not apply to this portion of his sentence because it is statutorily prescribed. See United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (emphasizing that, post-Booker, a district court is still bound by statutory minimum sentences).

As for the reasonableness of the portion of Crumpton's sentence imposed for his two drug violations, the guidelines range was 78 to 97 months. In determining what sentence to impose under facts such as these, the district court is to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed medical care, and (3) the guidelines. 18 U.S.C. § 3553(a). The district court does not need to explicitly consider every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in imposing the sentence will be sufficient. Scott, 426 F.3d at 1329.

Here, based on our deferential review, the district court did not err in sentencing Crumpton. Because the court accurately calculated the sentencing guidelines range, considered the applicable § 3553(a) factors as noted earlier, and sentenced Crumpton at the low end of the guidelines range, we conclude that his sentence was reasonable.

**AFFIRMED.**