[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12699
Non-Argument Calendar

_____

D.C. Docket No. 2:04-cr-00131-WHA-WC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALPHONSE CRUMPTON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 7, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Alphonse Crumpton, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence.  After careful review, we affirm.

In 2005, Crumpton pleaded guilty to possession with intent to distribute five grams or more of crack cocaine (Count 1) and marijuana (Count 2), in violation of 21 U.S.C. § 841(a)(1), and using and carrying several firearms in furtherance of a drug-trafficking offense (Count 3), in violation of 18 U.S.C. § 924(c).  Based on a total offense level of 28 and a criminal history category I, Crumpton had a guideline range of 78 to 97 months' imprisonment (with a 5-year mandatory minimum sentence for Count 1), plus a statutory mandatory minimum consecutive sentence of 5 years for Count 3.  The district court sentenced Crumpton to 78 months on Count 1, to run concurrently with a 60-month sentence on Count 2. And the court imposed the 60-month statutory minimum consecutive sentence for Count 3, for a total of 138 months' imprisonment.

Crumpton appealed, and this court affirmed his conviction and sentence.[1]  In 2008, Crumpton filed a *pro se* motion to reduce his sentence under § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines which changed Crumpton's guideline range for Count 1 to 63 to 78 months' imprisonment.  The

---

[1] *United States v. Crumpton*, 222 F. App'x 914 (11th Cir. 2007) (unpublished).

district court granted Crumpton's motion and resentenced him to a total of 123 months' imprisonment, or 63 months on Count 1 and 60 months on Count 3.

Then, in 2011, Crumpton filed a second § 3582(c)(2) motion, asking the district court to further reduce his sentence based on Amendment 750 which revised the crack-cocaine quantity tables to comply with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. This time, the district court denied Crumpton's motion based on his "extensive disciplinary record while in custody," taking "into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable." This is Crumpton's appeal.

A district court is permitted, but not required, to reduce a defendant's sentence under § 3582(c)(2). *United States v. Brown*, 104 F.3d 1254, 1255 (11th Cir. 1997). We review for an abuse of discretion a district court's decision not to do so. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). When deciding whether a reduction is appropriate, the court must first determine the sentence it would have imposed given the amended guideline range and holding all other original guideline findings constant. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).[2] Then, the court "must consider the sentencing factors listed in § 3553(a), as well as public safety considerations, and may consider the

---

[2] Although the record does not indicate that the district court expressly made this calculation, Crumpton does not challenge the court's failure to do so on appeal. Any argument that this is error is, therefore, waived. *United States v. Nealy*, 232 F.3d 825, 830-31 (11th Cir. 2000).

defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).  The district court is not required to make specific findings to support its decision not to reduce a sentence so long as it clearly considers the § 3553(a) factors and sets forth adequate reasons for its decision.  *Brown*, 104 F.3d at 1255.

We conclude that Crumpton has failed to establish that the district court abused its discretion in denying his motion to reduce sentence.  Crumpton contends, without support, that his custodial disciplinary violations were insufficient to justify denying a sentence reduction.  We do not agree.  Application Note 1(B) to U.S.S.G. § 1B1.10 states that a district court "may consider post-sentencing conduct of the defendant" in determining whether and to what extent a sentence reduction is warranted.  U.S.S.G. § 1B1.10, cmt. n.1(B) (2011); *Williams*, 557 F.3d at 1256 (permitting a district court to consider post-sentencing conduct in determining whether a reduction is warranted).  The district court expressly cited this provision when emphasizing Crumpton's extensive custodial disciplinary record.  Further, the district court stated that it considered the applicable factors in § 3553(a) in declining to reduce Crumpton's sentence. Crumpton has not demonstrated to the contrary, and therefore has not shown that the district court abused its discretion in denying his motion.

4

**AFFIRMED.**