[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13984
Non-Argument Calendar

_____

D. C. Docket No. 98-00061-CR-T-27TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERVIN BRODIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 14, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Ervin Brodie, a federal prisoner convicted of crack-cocaine offenses, appeals

the district court's ruling on his motion under 18 U.S.C. § 3582(c)(2). After

review, we affirm.

In 1998, following a jury trial, Brodie was convicted of five crack-cocaine offenses relating to a scheme to import drugs into the United States. At the original sentencing, the district court imposed a 328-month sentence, in the middle of the then-applicable guidelines range of 292 to 365 months' imprisonment.

In May 2008, Brodie filed his § 3582(c)(2) motion based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. See U.S.S.G. App. C, amends. 706, 713. The district court granted in part Brodie's motion and reduced Brodie's 328-month sentence to 264 months' imprisonment, in the middle of Brodie's new guidelines range of 235 to 293 months' imprisonment.[1] Brodie appeals the extent of the reduction, arguing that the district court should have imposed a 235-month sentence, at the low end of the new guidelines range.[2]

If a defendant is eligible for a § 3582(c)(2) reduction, the district court "may reduce the term of imprisonment, after considering the factors set forth in section

---

[1]Pursuant to the district court's instructions, the parties conferred and filed a joint stipulation that Brodie was eligible for a sentence reduction and that, under Amendment 706, Brodie's sentence could be reduced by as much as 93 months or to a total term of 235 months' imprisonment. Brodie requested that the court exercise its discretion and reduce the sentence to 235 months, and the government did not oppose this request.

[2]We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) based on a subsequent change in the Sentencing Guidelines. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[3] The commentary to U.S.S.G. § 1B1.10 provides that, in determining the extent of any reduction, the court shall consider the 18 U.S.C. § 3553(a) factors, as well as the "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(ii). "The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining . . . the extent of such reduction . . . ." Id. § 1B1.10 cmt. n.1(B)(iii). "The district court is not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quotation marks omitted).

The district court did not abuse its discretion by reducing Brodie's sentence to the mid-point of the new, amended guidelines range. The district court

---

[3]"The factors to be considered under section 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims." United States v. Brown, 104 F.3d 1254, 1255 (11th Cir. 1997).

considered the § 3553(a) factors, citing specifically the nature and seriousness of the offense, the need to promote respect for the law, to deter other and to protect the public. The district court also considered Brodie's submissions relating to his post-sentencing rehabilitative conduct, and concluded that, although these accomplishments were commendable, a low-end sentence would be insufficient to serve the purposes of sentencing. The district court also explained that, because Brodie was originally sentenced at the middle of the then-applicable guidelines range, a sentence at the middle of the amended range was appropriate. See Vautier, 144 F.3d at 760 (explaining that the district court must determine the sentence it would have imposed, given the defendant's amended guidelines range and holding all other guidelines findings made at the original sentencing hearing constant). We cannot say that the refusal to extend the reduction to the low end of the new range was an abuse of discretion.

For the first time on appeal, Brodie argues that the district court should have imposed a sentence below the new range and that it is unclear whether the district court knew it had authority to do so under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Because Brodie did not ask for a sentence below the new range or raise his Booker argument in the district court, our review is limited to plain error. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

4

In United States v. Jones, this Court concluded "'Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions." ___ F.3d ___, 2008 WL 4934033, at *2 (11th Cir. Nov. 19, 2008) (quoting Moreno, 421 F.3d at 1220). At first blush, this seems to resolve the issue. However, in Jones, there was no basis for entertaining a § 3582(c)(2) motion at all. Here, Brodie's sentence was "based on a sentencing range that had been subsequently lowered by the Sentencing Commission," as required by § 3582(c)(2). The question thus becomes, once the district court determines that a defendant is eligible for a § 3582(c)(2) reduction, is the district court's discretion cabined by the new, amended guidelines range in a § 3582(c)(2) proceeding, or can the district court reduce the sentence further based on Booker.

The two circuits to address this question, have reached different answers. See United States v. Rhodes, ___ F.3d ___, 2008 WL 5102247, at * 6-7 (10th Cir. Dec. 5, 2008) (concluding that Booker's remedial holding does not apply to § 3582(c)(2) sentence modifications and that a district court lacks authority to impose a sentence below the amended guideline range); United States v. Hicks, 472 F.3d 1167, 1172-73 (9th Cir. 2007) (concluding that, after Booker, a district court can go below the amended guideline range in modifying a sentence under

5

§ 3582(c)(2) and "to the extent the [Sentencing Guidelines'] policy statements are inconsistent with Booker by requiring the Guidelines to be treated as mandatory, the policy statements must give way").

Because our review is for plain error only, we need not resolve this question here. Even assuming arguendo the district court believed it lacked authority to reduce Brodie's sentence below the low end of the new guidelines range, any alleged Booker error was not plain given the lack of binding precedent in our Circuit. In addition, the district court did not go as low as it could have gone under the amended guidelines range, which strongly suggests that the district court would not have imposed a below-guidelines sentence in Brodie's case even if it had believed Booker permitted it to do so. Finally, since the district court did not abuse its discretion in refusing to impose a sentence at the low end of the new guidelines range, we cannot say the district court committed plain error by failing to impose an even lower sentence.[4]

**AFFIRMED.**

---

[4]We lack jurisdiction to review Brodie's Apprendi claim because it is outside the scope of a § 3582(c)(2) proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under the statute to cases where retroactive amendments affect the applicable guidelines); United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (explaining that there is no jurisdiction in a § 3582(c)(2) proceeding to consider "extraneous resentencing issues," such as the defendant's Eighth Amendment claim that his sentence constituted cruel and unusual punishment, and noting that this claim is properly pursued under 28 U.S.C. § 2255).