[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12837
Non-Argument Calendar

_____

D. C. Docket No. 02-00046-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC LESHAUN CANTRELL,
a.k.a. Eric Byrd,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 7, 2009)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Eric Leshaun Cantrell appeals his resentencing under 18 U.S.C. § 3582(c)(2). Although the district court reduced Cantrell's sentence for his crack cocaine conviction under Amendment 706[1] to the sentencing guidelines, it denied his request to reduce his sentence below the amended guidelines range under United States v. Booker, 125 S.Ct. 738 (2005). No reversible error has been shown; we affirm.

In this case, Cantrell's original offense level was 27 and his criminal history category was VI, giving him a guidelines range of 130 to 162 months. The district court imposed a 144-month sentence. After Amendment 706 became retroactive, Cantrell's offense level dropped to 25; and his guidelines range became 110 to 137 months. In resentencing Cantrell under section 3582(c)(2), the district court noted that it had considered Cantrell's file, the factors in 18 U.S.C. § 3553(a), and the provisions and commentary of U.S.S.G. § 1B1.10. The court determined that, because Cantrell's original sentence fell in the middle of the applicable guidelines range, his amended sentence also should; and the court imposed a sentence of 120 months. The court rejected Cantrell's argument that it had authority to impose a below-guidelines sentence, and noted that, even if the court could, it would impose

---

[1] Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c).

the same sentence because the sentence was "just and reasonable" given the circumstances of Cantrell's case.

On appeal, Cantrell challenges the district court's determination that it lacked authority under section 3582(c)(2) to reduce his sentence below the amended guidelines range. We review <u>de novo</u> the district court's legal conclusions about the scope of its authority under section 3582(c)(2). <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002).

In <u>United States v. Melvin</u>, we concluded that <u>Booker</u> and <u>Kimbrough</u>[2] do not apply to section 3582(c)(2) proceedings; a district court is bound by the limitations imposed on its discretion by section 3582(c)(2) and the applicable policy statements by the Sentencing Commission. <u>See</u> No. 08-13497, manuscript op. at 7 (11th Cir. Feb. 3, 2009), <u>petition for cert. filed</u> (U.S. Feb. 10, 2009) (No. 08-8664). Thus, the district court recognized correctly that it lacked authority to sentence Cantrell below the amended guidelines range.

Cantrell also argues that his ultimate sentence is unreasonable both procedurally and substantively. "Once it is established that [section] 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." <u>United States v. James</u>, 548 F.3d 983, 984 n.1 (11th Cir.

---

[2]<u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007).

2008).[3]

A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guidelines range and holding constant all other guidelines determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. Id. The court need not present particular findings on each section 3553(a) factor as long as the court clearly considered the factors and set forth adequate reasons for its sentence. See United States v. Brown, 104 F.3d 1254, 1255-56 (11th Cir. 1997) (in the context of a section 3582(c)(2) denial).

Here, the district court abused no discretion in reducing Cantrell's sentence. The court followed the appropriate section 3582(c)(2) procedures by substituting Cantrell's amended guidelines range for his original range, considering the section 3553(a) factors and Cantrell's file, and explaining that a sentence reduction to 120 months was "reasonable and just," given the circumstances of the case. Cantrell's argument is meritless that the court erred by not expressly considering all of the

_____

[3]And we also review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 128 S.Ct. 586, 597 (2007) (in the context of original sentencing).

section 3553(a) factors; the court explained adequately that it had considered the factors in the context of Cantrell's case, and it was not required to discuss each factor. See id.; United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) ("a district court commits no reversible error by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court").

We also conclude that the sentence imposed was reasonable. Cantrell received a sentence in the middle of the amended guidelines range. The court considered Cantrell's arguments and determined that a sentence within this range was appropriate. Other than his Booker arguments, Cantrell pointed only to his post-sentence rehabilitation in support of a lower sentence; he did not otherwise explain how the section 3553(a) factors warranted a lower sentence. That he may have rehabilitated himself does not show that the sentence is unreasonable.

AFFIRMED.