[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17124
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00150-CR-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL IVAN BREWSTER,
a.k.a. Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 9, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Michael Ivan Brewster is a federal prison inmate. He was convicted in 1993

on three counts of an indictment: conspiracy to distribute cocaine and cocaine base, Count One; attempting to possess with intent to distribute cocaine, Count Two; and using and carrying a firearm in relation to a drug offense, Count Three. The court sentenced him to concurrent prison terms of 360 months on Count One, 240 months on Count Two, and life on Count Three.

In March 2008, Brewster moved the district court pursuant to 18 U.S.C. § 3582(c) based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to cocaine base.[1] The court granted his motion in part by reducing his adjusted offense level for the Count One offense from 42 to 40 and his sentence range from 360 months to life to 292 to 365 months and then resentencing him on Count One to a prison term of 292 months. Brewster now appeals.

In his opening brief, Brewster argues that his Count One sentence is unreasonable, and that the district court erred in refusing to sentence him below the minimum of the amended Guidelines sentence range – despite his presentation of mitigating factors under 18 U.S.C. § 3553(a) and documents showing his post-

---

[1] We interpret Brewster's request for relief under the November 1, 2007 amendment to § 2D1.1 of the Sentencing Guidelines as a claim under Amendment 706, as the district court apparently did, even though he referred to this enactment in his § 3582(c)(2) motion as "Amendment 9." See Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005) (holding that we must liberally construe the pleadings of a pro se petitioner).

sentencing rehabilitative achievements – in light of the advisory nature of the Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

While we review the sentence initially imposed by the district court for reasonableness, United States v. Williams, 526 F.3d 1312, 1321 (11th Cir. 2008), reasonableness review does not apply in the present context because a § 3582(c)(2) proceeding does not constitute a full resentencing, United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Instead, "[w]e review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In addressing a § 3582(c)(2) motion, the court must engage in a two-part analysis: (1) by recalculating the sentence based on the amendment, "leav[ing] all other guideline application decisions unaffected;" and (2) by exercising its discretion, based on the 18 U.S.C. § 3553(a) factors, to impose a new sentence or to retain the original. U.S.S.G. § 1B1.10(b)(1); United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009). Any reduction, however, must be "consistent

3

with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3583(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

In Booker, the Supreme Court (1) struck down the statutory provisions that made the Sentencing Guidelines mandatory (the procedural holding), 543 U.S. at 245, 258-60, 125 S.Ct. at 756-57, 764-65, and (2) re-affirmed that, under the Sixth Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (the substantive holding), id. at 244, 125 S.Ct. at 756.

To the extent that Brewster claims his sentence runs afoul of the advisory nature of the Guidelines, in accordance with Booker's procedural holding, the court did not err by declining to reduce his sentence further, because it was not authorized under § 3582(c)(2) and U.S.S.G. § 1B1.10 to make such a reduction. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir. 2009) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a

4

sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664).  In addition, to the extent that he seeks to challenge his sentence as unreasonable under Booker, such review does not apply where, as here, a defendant is not subject to a full resentencing.  See Moreno, 421 F.3d at 1220.  Finally, to the extent, if any, that Brewster seeks to challenge the Sixth Amendment constitutionality of any aspect of his original sentence under Booker's substantive holding, his argument is not properly before us because he raised it for the first time in his reply brief, see United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004) (noting that issues not raised in the appellant's initial brief normally will be considered abandoned), and, in any event, § 3582(c)(2) is not the proper vehicle for such a challenge, see 28 U.S.C. § 2255 (governing collateral attacks to sentences).

     AFFIRMED.