[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2010
JOHN LEY
CLERK

No. 09-11735
Non-Argument Calendar
_____

D. C. Docket No. 99-00012-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY PARKER,
a.k.a. Monkey Nut,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 18, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Parker appeals the sentence imposed by the district court following its grant of Parker's motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Parker argues that: (1) the district court abused its discretion when it resentenced him to 236 months' imprisonment, despite the parties' Joint Stipulation agreeing to a sentence of 210 months; (2) a sentence of 236 months is not a reasonable sentence; and (3) the district court had the discretion to sentence Parker below the amended guideline range.

## I. Effect of the Joint Stipulation

Parker first argues that the district court abused its discretion by amending Parker's sentence to 236 months instead of 210 months, given that, in the Joint Stipulation filed by the parties, the Government did not object to Parker's request that his sentenced be reduced to 210 months. We find that the district court did not abuse its discretion in reducing Parker's sentence to 236 months instead of 210 months as requested by Parker in the Joint Stipulation.

The district court, in its order directing a response concerning retroactive application of the crack cocaine amendment as to Jerry Parker, encouraged the

parties to confer regarding Parker's eligibility for a sentence reduction. The court, however, did not direct the parties to stipulate to a specific reduced sentence, and in fact the Government did not stipulate that Parker's sentence should be reduced to the low end of the sentencing range. The Government merely did not oppose Parker's request for a low-end sentence. Nothing in the statute or caselaw suggests that a post-sentencing stipulation of this nature could limit a district court's exercise of its discretion under § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary."). Therefore, the court did not abuse its discretion in failing to reduce Parker's sentence to 210 months, as requested by Parker in the Joint Stipulation.

## II. Reasonableness of the Reduced Sentence

Parker next argues that his reduced sentence of 236 months is not a reasonable sentence. We review the reasonableness of a sentence imposed for abuse of discretion. Gall v. United States, 552 U.S. 38, __, 125 S. Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court did not abuse its discretion by reducing Parker's sentence to the mid-point of the new, amended guidelines range.

"Under § 3582(c)(2), a district court has discretion to reduce a term of imprisonment of an already incarcerated defendant if that defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Douglas, 576 F.3d 1216, 1218 (11th Cir. 2009) (quotation omitted). In considering a § 3582(c)(2) motion, the district court must (1) "recalculate the sentence under the amended guidelines," and (2) "decide, in light of the § 3553(a) factors and in its discretion, whether it will impose a new sentence within the amended guidelines range or retain the original sentence." Id. The court is not required to articulate the applicability of each § 3553(a) factor as long as the record demonstrates that the court took the factors into account. Id. at 1219.[1]

Parker was originally sentenced to 294 months, a mid-range sentence under the Sentencing Guidelines based on his offense level and criminal history. Pursuant to Amendment 706, Parker was entitled to a reduction of his offense

---

[1] "The factors to be considered under section 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims." United States v. Brown, 104 F.3d 1254, 1255 (11th Cir.1997).

level from 37 to 35. Given Parker's criminal history, the appropriate sentence range for his new offense level is 210 to 262 months. The district court once again imposed a sentence in the middle of the relevant range, i.e. 236 months. Thus, in setting Parker's reduced sentence at the middle of the new sentencing range, the district court took into account the mid-range determination made at the original sentencing hearing. See Vautier, 144 F.3d at 760 (explaining that the district court must determine the sentence it would have imposed, given the defendant's amended guidelines range and holding all other guidelines findings made at the original sentencing hearing constant).

The record also demonstrates that, in reducing Parker's sentence, the district court took into account the Sentencing Guidelines and 18 U.S.C. § 3553. Parker has not shown that the district court overlooked any material facts concerning his individual suitability for a lower sentence. Therefore, the district court's reduction of Parker's sentence to the middle, rather than the low end, of the new range was not an abuse of discretion.

III. Discretion to Sentence Below the Amended Guideline Range

Finally, Parker argues that, under United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 552 U.S. 85 (2007), the district court had

5

discretion to amend Parker's sentence to below the amended guideline range. We reject this argument based upon the Sentencing Guidelines and our prior decisions.

Any reduction in a defendant's sentence pursuant to § 3582(c)(2) must be "consistent with applicable policy statements issues by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements, found in § 1B1.10, state that the court shall " not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Moreover, we have expressly held that, (1) "if the defendant's original sentence was within the then-applicable guidelines range, at resentencing, the district court has no discretion to impose a sentence below the amended guidelines ranges" and (2) Booker and Kimbrough "do not apply in § 3582(c)(2) proceedings." Douglas, 576 F.3d at 1219 (citing United States v. Melvin, 556 F.3d 1190, 1191-92 (11th Cir. 2009), cert. denied, 129 S. Ct. 2382 (2009).

In the instant case, there is no doubt that Parker's original sentence was within the then-applicable guidelines range. Therefore, the district court had no discretion to impose a sentence below the amended guideline range.

AFFIRMED.[2]

---

[2] Appellant's request for oral argument is denied.