[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13303
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00063-SDM-AEP-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WAYMON LYNN, JR.,
a.k.a. Waymon Lynn,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2013)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Waymon Lynn, Jr. appeals the district court's partial grant of his 18 U.S.C.

§ 3582(c)(2) motion to reduce sentence.  After careful review, we affirm.

Lynn pleaded guilty in 2010 to possession with intent to distribute crack cocaine (Count 1), marijuana (Count 2), cocaine (Count 3), and hydrocodone (Count 4), in violation of 21 U.S.C. § 841(a)(1), as well as possession of a firearm in furtherance of a drug trafficking crime (Count 5), in violation of 18 U.S.C. § 924(c), and felon in possession of a firearm (Count 6), in violation of 18 U.S.C. § 922(g)(1).  Based on a total offense level of 21 and a criminal history category VI, Lynn had a guideline range of 77 to 96 months' imprisonment.  The district court sentenced Lynn to a total of 156 months' imprisonment:  96 months concurrently for Counts 1, 2, 3, 4, and 6, and a consecutive 60 month sentence for Count 5.

In March 2012, Lynn filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), asserting that he was entitled to a reduction under the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372.  The district court then appointed counsel, and Lynn and the government jointly stipulated that Lynn was eligible for a sentence reduction pursuant to Amendment 750, which revised the crack-cocaine quantity tables to comply with the FSA and changed Lynn's guideline range on Count 1 to 51 to 63 months' imprisonment.  The parties requested that the district court reduce Lynn's sentence on Counts 1, 2, 3, 4, and 6 to 51 months.  Lynn also filed a supplement to the joint stipulation, arguing that a sentence at the low end of the revised range was appropriate because of his post-

2

conviction rehabilitation efforts and the continuing sentence disparity between crack cocaine and powder cocaine offenders.  The district court granted the motion in part and reduced Lynn's sentence on the relevant counts to 63 months, the top end of the revised range.  Lynn appeals, arguing that this reduction was procedurally and substantively unreasonable because the district court should have sentenced him to the low end of the revised guideline range.

We review a district court's decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion.  *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).  We have never decided in a published opinion whether reasonableness review applies in the § 3582(c)(2) context.[1]  But even assuming reasonableness review applies, Lynn has not met his burden of demonstrating that the district court's reduction of his sentence was either procedurally or substantively unreasonable.

For a sentence to be procedurally reasonable, the district court must properly calculate the guideline range, treat the guidelines as advisory, consider the factors set forth in 18 U.S.C. § 3553(a), select a sentence based on findings of fact that are not clearly erroneous, and adequately explain the chosen sentence.  *Gall v. United*

---

[1] *Compare United States v. Brewster*, 335 F. App'x 8, 9 (11th Cir. 2009) (unpublished) ("[R]easonableness review does not apply in the present context because a § 3582(c)(2) proceeding does not constitute a full resentencing . . . .") *with United States v. Parker*, 366 F. App'x 129, 131 (11th Cir. 2010) (unpublished) (applying reasonableness review to an appeal of a § 3582(c)(2) sentence reduction).

*States*, 552 U.S. 38, 51 (2007).  Lynn contends that the district court's statement that "[a]ll other guideline application decisions remain unaffected" demonstrates that the district court thought it did not have jurisdiction to sentence him to the low end of the revised guideline range.  But the district court was merely quoting an application note of the sentencing guidelines.  *See* U.S.S.G. § 1B1.10(b)(1), cmt. n.2.  Lynn also asserts that the district court failed to consider the § 3553(a) factors.  But the court stated that it considered them and noted that it considered Lynn's supplemental memorandum, which discussed several of the factors.  *See United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) ("[A] district court commits no reversible error by failing to articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court.").

Lynn next contends that his rehabilitation efforts while incarcerated warrant a sentence at the low end of the revised guideline range.  But he cannot demonstrate that his sentence reduction was substantively unreasonable "in light of the totality of the circumstances." *United States v. Daniels*, 685 F.3d 1237, 1244-45 (11th Cir. 2012).  Lynn's sentence reduction fell within the amended guideline range.  *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ("[O]rdinarily we would expect a sentence within the Guidelines range to be

reasonable.").  Moreover, although he did offer some evidence of post-conviction rehabilitation, Lynn was convicted of six serious offenses, including two firearm offenses, and has an extensive criminal history, both of which support a sentence at the high end of the range.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). Accordingly, Lynn cannot demonstrate that the district court abused its discretion in reducing his sentence on Counts 1, 2, 3, 4, and 6 to 63 months instead of 51 months.

**AFFIRMED.**