United States Court of Appeals,

Eleventh Circuit.

No. 96-8134

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

John BROWN, Jr., Defendant-Appellant.

Feb. 3, 1997.

Appeal from the United States District Court for the Southern District of Georgia. (No. CR491-176-09), B. Avant Edenfield, Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Appellant John Brown, Jr., appeals the district court's *sua sponte* order denying the sentence reduction that would have accompanied retroactive application of an amendment to the Sentencing Guidelines. We affirm.

## I. BACKGROUND

After a trial, a jury convicted Brown of (1) conspiracy to possess cocaine with intent to distribute and conspiracy to distribute cocaine (Count 1) and (2) possession of a firearm during a drug trafficking offense (Count 3). The district court sentenced Brown to 405 months' imprisonment on Count 1, followed by a 60-month consecutive sentence on Count 3. This Court affirmed the judgment on direct appeal. *See United States v. Newton,* 44 F.3d 913 (11th Cir.1994), *cert. denied,* --- U.S. ----, 116 S.Ct. 162, 133 L.Ed.2d 104 (1995).

In arriving at its sentence, the district court assigned Brown a base offense level of 40. Subsequently, Amendment 505 to the

Sentencing Guidelines established an upper limit of 38 on base offense levels calculated using drug quantity. U.S.S.G. App. C, amend. 505. As Brown's base offense level would have been lower had he been sentenced after the effective date of Amendment 505, § 1B1.10 of the Sentencing Guidelines authorized the district court to reduce his sentence. The district court *sua sponte* reviewed Brown's conviction in light of this amendment and declined to give him the benefit associated with retroactive application.

## II. DISCUSSION

Brown asserts that the district court abused its discretion by failing to set forth the analysis that a court must engage in when deciding whether to apply a sentencing amendment retroactively. The Government responds that the court did consider the relevant factors and provided an adequate explanation for its refusal to reduce Brown's sentence.

When a sentencing guideline is amended to benefit an offender and retroactive application is authorized, the district court may reduce the previously imposed sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The factors to be considered under section 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to

avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a). The law therefore permits, but does not require, a district court to resentence a defendant. *United States v. Vazquez,* 53 F.3d 1216, 1227-28 (11th Cir.1995). The decision turns upon the district court's evaluation of the factors enumerated above. *Id.*

This Circuit has not addressed whether the district court must make specific findings explaining why it chose not to resentence a defendant. At least two other circuits, however, have held that specific findings are not required. *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 446, 136 L.Ed.2d 342 (1996); *United States v. LaBonte,* 70 F.3d 1396, 1411-12 (1st Cir.1995), *cert. granted,* --- U.S. ----, 116 S.Ct. 2545, 135 L.Ed.2d 1066 (1996). Those courts considered it sufficient that the sentencing court had stated the reasons for its action, *Dorrough,* 84 F.3d at 1311, or that the record clearly demonstrated the judge had considered the section 3553(a) factors, *LaBonte,* 70 F.3d at 1411.

In this case, the district court based its decision on the extent to which Brown was involved in a large crack cocaine conspiracy. The court found that Brown's involvement was significant, as evidenced by the large quantities of money for which he was responsible. The court noted that Brown had not held a legitimate job for nearly two years, during which time he actively participated in the crack distribution scheme. The district court also emphasized Brown's lack of remorse or acceptance of responsibility. Although the district court did not

present particular findings on each individual factor listed in 18 U.S.C. § 3553, the court clearly considered those factors and set forth adequate reasons for its refusal to reduce Brown's sentence. *See Dorrough,* 84 F.3d at 1311.

AFFIRMED.