[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12907
Non-Argument Calendar

_____

D. C. Docket No. 95-08089-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK DEVON SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 20, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Derrick Devon Smith ("Smith"), a federal prisoner, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Smith's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels for certain crack cocaine cases. The district court denied Smith's motion because his sentencing guideline range was not lowered by the amendment. On appeal, Smith concedes that his base offense level and guideline range remain unchanged by Amendment 706 but contends that the district court still had authority to reduce his sentence. Finding no error by the district court, we AFFIRM.

## I. BACKGROUND

A jury convicted Smith in 1996 of conspiracy to possess with intent to distribute crack cocaine (Count 1), possession with intent to distribute crack cocaine within 1000 feet of a playground (Count 8), and possession with intent to distribute crack cocaine (Count 9). See DE-953 and 1197 at 1. The district court dismissed Count 9 pursuant to the government's motion. See DE-1197 at 1. At the time of his sentencing, a base offense level of 38 was assigned to an offense involving any amount of 1.5 kilograms or more of crack cocaine. See U.S.S.G. § 2D1.1(c)(1) (Nov. 1995). Because Smith was found responsible for 8.64 kilograms of crack cocaine, his base offense level was set at 38. See R1-1395 at 1.

2

After some adjustments, Smith's total offense level of 40 and criminal history category of I yielded a sentencing guideline range of 292 to 365 months of imprisonment. See DE-1197 at 7. The court sentenced Smith to the low-end range of 292 months in prison followed by ten years of supervised release. See id. at 2-3. Smith's convictions and sentence were affirmed on direct appeal in an unpublished opinion in 1999. See United States v. Hutchins, 181 F.3d 107 (11th Cir. 1999); R1-1324; DE-1324.

In November 2007, the Sentencing Commission issued Amendment 706, which effectively reduced by two levels the base offense levels for certain crack cocaine offenses. See U.S.S.G. App. C., amend. 706 (2007). Under this amendment, level 38 corresponds to offenses involving 4.5 or more kilograms of crack cocaine, while level 36 corresponds to offenses involving 1.5 kilograms up to 4.5 kilograms of crack cocaine. See U.S.S.G. § 1B1.10(c) (2008) and § 2D1.1(c)(1)(2008). The Sentencing Commission made Amendment 706 retroactively applicable, effective 3 March 2008. See United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008).

Smith subsequently filed a pro se motion for sentence reduction on grounds that he was entitled to a two-level reduction under Amendment 706. See R1-1389 at 1. In addition, Smith contended that the district court should consider his post-

rehabilitative conduct, such as his achieving a GED and his vocational training, in recalculating his sentence pursuant to 18 U.S.C. § 3553(a), Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007), and Gall v. United States, ___ U.S. ___, 128 S. Ct. 586 (2007). See id. at 2-3.

The district court found that Smith's base offense level of 38 would not change under Amendment 706 because Smith's offense involved more than 4.5 kilograms of crack cocaine. See R1-1395 at 1. Because the guideline range remained the same, the court found that a sentence reduction was not authorized by 18 U.S.C. § 3582(c)(2). See id. at 1-2. Smith, through counsel, now appeals the denial of his motion for sentence reduction.

## II. DISCUSSSION

We review a district court's denial of a motion for sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). We review a district court's interpretation of a statute de novo. See Moore, 541 F.3d at 1326.

Section 3582(c)(2) permits a district court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2008). In considering a motion for reduction, a district court engages in a two-step analysis. See United States v.

4

Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court determines the new base level by substituting the amended guideline range for the original guideline range. Id. If the amendment does not actually lower the defendant's applicable guideline range, then no sentence reduction is permitted. See U.S.S.G. § 1B1.10(a)(2)(B); Moore, 541 F.3d at 1330. Second, the court evaluates the factors listed in 18 U.S.C. § 3553(a) to determine if "it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Bravo, 203 F.3d at 781.

The district court correctly found, and Smith now concedes, that his base offense level remains at 38 even after Amendment 706. This is because Smith was found responsible for 8.64 kilograms of crack cocaine and Amendment 706 assigns a base level of 38 to those offenses involving 4.5 kilograms or more of crack cocaine. See U.S.S.G. § 1B1.10(c) and § 2D1.1(c)(1). Because Amendment 706 did not effectively lower Smith's base level or applicable guideline range, a reduction in his sentence was not authorized under § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(2)(B); Moore, 541 F.3d at 1330.

Further, the district court had no authority to reduce Smith's sentence based on a reconsideration of the sentencing factors in § 3553(a). A district court only reaches this second step if the sentencing amendment actually changes the

5

sentencing range upon which his or her sentence was based. See Moore, 541 F.3d at 1330; Bravo, 203 F.3d at 780-81. In Moore, although Amendment 706 reduced the base offense levels of two defendants, it did not affect their guideline ranges because they were sentenced as career offenders. See id. We concluded that the district court lacked authority under § 3582(c) to recalculate the applicable guideline range or determine, in light of the § 3553(a) factors, whether a reduction was warranted. See id. at 1327-30. As in Moore, Smith's sentencing range was not affected by Amendment 706, thereby precluding the district court from proceeding to step two of the sentence reduction analysis.

Smith contends that, even though his sentencing guideline range remains unchanged by Amendment 706, the district court still had authority to reduce his sentence based upon the Sentencing Commission's intent to lessen the unjust disparity between sentences for crack cocaine versus powder cocaine. In support of this argument, Smith relies on our decisions in United States v. Bravo, 203 F.3d 778 (11th Cir. 2000) and United States v. Brown, 104 F.3d 1254 (11th Cir. 1997) (per curiam), and the Supreme Court's decisions in Gall and Kimbraugh.

Contrary to Smith's argument, we did not broaden a district court's authority under § 3582(c)(2) in Bravo or Brown. In those cases, the district court had the discretion to reduce the defendant's sentence pursuant to a consideration of

6

§ 3553(a) factors because the sentencing amendment actually decreased the defendant's base offense level from 40 to 38. See Bravo, 203 F.3d at 780-81; Brown, 104 F.3d at 1255. Bravo and Brown are thus distinguishable from Smith's case because Amendment 706 had no effect on Smith's base offense level or guideline range.

Nor did the Supreme Court's decisions in Gall and Kimbraugh expand the district court's sentencing authority under § 3582(c)(2). In Gall, the Court reaffirmed its decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), that the Sentencing Guidelines are advisory and that appellate courts should review sentences for reasonableness under a deferential abuse-of-discretion standard. See Gall, ___ U.S. at ___, 128 S. Ct. at 591, 594. In Kimbraugh, the Court held that "under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only, and that the Court of Appeals erred in holding the crack/powder disparity effectively mandatory." Kimbraugh, ___ U.S. at ____, 128 S. Ct. at 564. Neither Gall nor Kimbraugh involved a court's sentencing authority under § 3582(c)(2), which is limited to changes to the guidelines by the Sentencing Commission. Moreover, because "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission," we have held that "*Booker* is inapplicable to § 3582(c)(2) motions." United States v.

7

Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).  Likewise, Kimbraugh and Gall are Supreme Court decisions which do not provide an independent basis for a sentence reduction in a § 3582(c)(2) motion.

## III.  CONCLUSION

The district court did not abuse its discretion in denying Smith's motion for a sentence reduction.  Amendment 706 did not alter Smith's base offense level or his applicable guideline range.  Accordingly, the district court lacked authority under § 3582(c)(2) to reduce Smith's sentence.  **AFFIRMED.**