[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12380
Non-Argument Calendar
_____

D. C. Docket No. 00-14084-CR-KMM


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEMI BENION, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(March 16, 2009)**

Before EDMONDSON, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant Nemi Benion, Jr., a pro se federal prisoner convicted of crack cocaine offenses, appeals the denial of his motion to reduce his 121-month sentence, 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

In his section 3582(c)(2) motion, Benion sought a sentencing reduction under Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. He maintained that several 18 U.S.C. § 3553(a) factors weighed in favor of a reduction, including (1) that other crack cocaine offenders received lower sentences, (2) his health problems, and (3) he was no danger to the community. The district court recalculated Benion's guideline range under Amendment 706 but denied the section 3582(c)(2) motion, noting that the original sentence fell within the amended guideline range.

On appeal, Benion argues that the district court's order did not reflect that it had considered the section 3553(a) factors and, thus, the order is insufficient for appellate review. We review for an abuse of discretion a district court's decision whether to reduce a sentence under section 3582(c)(2). United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

When a sentencing guideline is amended and given retroactive effect, the

2

district court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). Amendment 706 reduced by two the offense levels in crack cocaine cases calculated under the drug quantity table in U.S.S.G. § 2D1.1(c). See U.S.S.G. App. C, Amend. 706 (2007). The Sentencing Commission made this amendment retroactively applicable, effective as of 3 March 2008, by incorporating it into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).[1]

If, as here, an amendment applies to a defendant, a "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given defendant's amended guideline range and keeping constant all other guideline determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its

---

[1] The 1 March 2008 Supplement has been superseded by the 1 May 2008 Supplement and, when used with the 2007 Manual, constitutes the operative Guidelines Manual effective 1 May 2008. See U.S.S.G. Cover (Supp. May 1, 2008).

discretion, whether to reduce defendant's sentence. Id. The court need not present particular findings on each section 3553(a) factor as long as the court clearly considered those factors and set forth adequate reasons for refusing to reduce a prisoner's sentence. See United States v. Brown, 104 F.3d 1254, 1256 (11th Cir. 1997).

About the first step, the district court calculated correctly the amended guideline range. Benion's original base offense level of 32 was based on 63.3 grams of crack cocaine; and after Amendment 706, this drug quantity corresponds to a base offense level of 30. With a reduction for acceptance of responsibility and a criminal history category of IV, Benion's amended guideline range became 100 to 125 months' imprisonment, down from 121 to 151 months' imprisonment.[2]

About the second step, we conclude that the district court adequately considered the section 3553(a) factors and abused no discretion in refusing to reduce Benion's sentence. That the district court's order is short and failed to articulate specifically the applicability of the section 3553(a) factors is not reversible error. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (explaining that the record must demonstrate that the district court took the

---

[2]Benion argues that his amended guideline range should be 87 to 108 months. Benion appears to be calculating his amended range using a criminal history category of III, instead of IV. Thus, his contention that the district court wrongly calculated his amended guideline range is erroneous.

pertinent factors into account). The district court's order makes clear that it considered Benion's motion. In his motion, Benion generally set out the factors and specifically applied certain factors -- including the need to avoid sentencing disparities and his characteristics -- to his case. And the government submitted arguments in opposition to Benion's motion, which also cited to and applied specific section 3553(a) factors. In addition, the judge who originally sentenced Benion also presided over his section 3582(c)(2) motion. See id. at 1322-23 (explaining that the district court's short order provided sufficient reasons for its denial of a section 3582(c)(2) motion when Defendant's motion set out the factors "word for word" and the government responded in opposition, specifically referencing the factors "relevant to the necessary section 3553(a) inquiry").

Because the district court properly calculated the amended sentencing range and the record indicates that the district court properly considered the section 3553(a) factors, we conclude that no abuse of discretion occurred.[3]

AFFIRMED.

---

[3]Benion also argued in his section 3582(c)(2) motion that his post-conviction completion of a drug rehabilitation program warranted a reduced sentence. But post-conviction rehabilitation is beyond the scope of section 3582(c)(2). United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (under plain error review, concluding that section 3582(c)(2) did not provide a jurisdictional basis to reduce a sentence based on post-sentencing rehabilitative conduct).

5