[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

No. 08-11536
Non-Argument Calendar

_____

D. C. Docket No. 00-00176-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEMEL STONE,
a.k.a. Satin Stone,
a.k.a. Teddy Blaze,
a.k.a. Satin Marshall,
a.k.a. Derrick Volt,
a.k.a. John Hatchet,
a.k.a. Freddie Reese,
a.k.a. B,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 16, 2009)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Jemel Stone, *pro se*, appeals the denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the U.S. Sentencing Guidelines. On appeal, Stone argues that the district court abused its discretion by denying him a sentence reduction because the court wrongly considered his juvenile offenses and his post-conviction disciplinary infractions.

We review a district court's denial of a defendant's § 3582(c)(2) motion for an abuse of discretion. *United States v. Vautier*, 144 F.3d 756, 759 n.3 (11th Cir. 1998). "We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant's sentence was based on a sentencing range that subsequently has been lowered by the U.S. Sentencing Commission. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). In evaluating whether a reduction in the defendant's sentence is warranted, the district court must first recalculate the defendant's guideline range under the amended guidelines, and then must consider the sentencing factors listed in

2

18 U.S.C. § 3553(a).  *Id.* at 780-81; U.S.S.G. § 1B1.10, comment. (n.1(B)) (2008).

The district court also may consider the defendant's post-sentencing conduct.

U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)).

Section 3553(a) provides that the court must evaluate, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.  18 U.S.C. § 3553(a).  While the court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence is discretionary.  *Vautier*, 144 F.3d at 760.  We do not require a district court to make specific findings explaining its decision not to resentence a defendant, so long as the court clearly considered the factors listed in § 3553(a) and set forth adequate reasons for its refusal to modify the original sentence. *United States v. Brown*, 104 F.3d 1254, 1255 (11th Cir. 1997).

Here, the record demonstrates that the district court correctly recalculated Stone's amended guideline range and then properly considered the § 3553(a) factors and Stone's post-sentencing conduct.  In exercising its discretion not to reduce Stone's sentence, the court adequately explained its reasons for denying Stone's § 3582(c)(2) motion.  Thus, we conclude that the district court did not abuse its discretion when it denied Stone's motion.  Accordingly, we affirm the district court's order denying the motion for a reduced sentence.

**AFFIRMED.**