[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16631
Non-Argument Calendar

_____

D. C. Docket No. 96-00061-CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM CARLISLE HOWARD, JR.,
a.k.a. Will,
a.k.a. Blue,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 19, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

William Carlisle Howard, Jr., a pro se federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).  No reversible error has been shown; we affirm.

At his original sentencing, Howard received an offense level of 38.  The district court granted Howard a U.S.S.G. § 4A1.3(b)(1) downward departure on his criminal history category from III to II.  Howard's resulting guidelines range was 262 to 327 months' imprisonment; and the district court imposed a 262-month sentence.

In his section 3582(c)(2) motion, Howard sought a sentence reduction pursuant to Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses.  The district court reduced Howard's offense level to 36 under Amendment 706, kept his criminal history category at III, and calculated an amended guidelines range of 235 to 293 months.  But the court granted Howard no sentence reduction because his original sentence fell within the amended guidelines range and was the product of a downward departure and because Howard was responsible for a large quantity of drugs.

On appeal, Howard argues that the district court's amended guidelines' calculations should have reflected the original downward departure on his criminal history category. He also argues that the court failed to consider the sentencing factors in 18 U.S.C. § 3553(a). We review for an abuse of discretion a district court's decision whether to reduce a sentence under section 3582(c)(2). United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

When a sentencing guideline is amended and given retroactive effect, the district court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

If, as here, an amendment applies to a defendant, a "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have

3

imposed, given defendant's amended guidelines range and keeping constant all other guideline determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its discretion, whether to reduce defendant's sentence. Id. The court need not present particular findings on each section 3553(a) factor as long as the court clearly considered the factors and set forth adequate reasons for refusing to reduce a prisoner's sentence. See United States v. Brown, 104 F.3d 1254, 1256 (11th Cir. 1997).

About the first step, the district court calculated correctly the amended guidelines range. Howard's original base offense level of 38 was based on 1,916 grams of crack cocaine; and after Amendment 706, this drug quantity corresponds to a base offense level of 36. See U.S.S.G. § 2D1.1(c)(2). Howard's contention that the district court should have departed to a criminal history category of II is unavailing: the district court had discretion on whether to impose its previous departure. See Vautier, 144 F.3d at 761 (explaining that in a section 3582(c)(2) proceeding, "whether to consider a downward departure in determining what sentence the court would have imposed under the amended guideline remains discretionary, and the court is not bound by its earlier decision at the original

4

sentencing to depart downward from the sentencing guidelines range").[1]

About the second step, we conclude that the district court adequately considered the section 3553(a) factors and abused no discretion in refusing to reduce Howard's sentence. The court explained why a sentence reduction was unwarranted: Howard's original sentence already reflected a downward departure and he had been held accountable for a large quantity of drugs. That the district court's order was short and failed to articulate specifically that it had considered the section 3553(a) factors is not reversible error. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (explaining that the record must demonstrate that the district court took the pertinent factors into account). And the drug amount bore on the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1).[2]

Because the district court calculated properly the amended sentencing range, and the record indicates that the district court considered the section 3553(a) factors, we conclude that no abuse of discretion occurred.

---

[1]Even if the court had imposed its previous downward departure, Howard's original 262-month sentence still would have been within the amended guidelines range of 210 to 262 months.

[2]On appeal, Howard points out that the Sentencing Commission determined that a defendant responsible for less than 4.5 kilograms of crack cocaine is eligible for a sentence reduction. But whether to grant that reduction remains within the discretion of the district court. See Vautier, 144 F.3d at 760.

AFFIRMED.