[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15486
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00396-FAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT GILBERT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 6, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Hubert Gilbert appeals the denial of his motion to reduce his sentence. 18

U.S.C. § 3582(c)(2). Gilbert requested a reduction based on Amendment 782 to the Sentencing Guidelines. We affirm.

Gilbert pleaded guilty to one count of conspiring to possess with intent to distribute marijuana and five kilograms or more of cocaine, 21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(D), 846, one count of conspiring to obstruct, delay, or affect commerce by robbery, 18 U.S.C. § 1951(a), two counts of using, carrying, brandishing, or possessing a firearm during a crime of violence or drug trafficking crime, *id.* § 924(c), and one count of carjacking, *id.* § 2119. Gilbert's presentence investigation report described his involvement in three home invasion robberies that targeted homes of known drug dealers. During the first robbery, Gilbert waited in the getaway car as his coconspirators pried open the door of the home, held the homeowner's wife and children at gunpoint while demanding money and drugs, pistol-whipped the wife until she divulged the location of $4,000 in cash, threatened to kill the wife until the children disclosed the whereabouts of a hidden compartment containing valuables, and then ransacked the house after locking the victims in a closet. Later, Gilbert and his cohorts broke into a second home and threatened to kill a female occupant unless she cooperated, but the cohorts were forced to flee after one of them was shot by another occupant. During the third robbery, Gilbert and his cohorts entered the home wielding guns, pistol-whipped and drug the occupants through the home demanding money and jewelry, bound

2

the occupants with duct tape, and stole $2,724 in cash, jewelry and two vehicles valued around $11,000, and about eight pounds of marijuana.

Over the course of two sentencing hearings, the district court found that Gilbert had a criminal history of IV, his first robbery involved 5 to 15 kilograms of cocaine and resulted in a base offense level of 32, he had a managerial role in the conspiracy, and he knew or should have known that his victims were vulnerable. Based on Gilbert's total offense level of 38, the district court calculated a sentencing range between 324 and 405 months of imprisonment. The district court sentenced Gilbert to concurrent sentences of 324 months for his conspiracy to distribute drugs, 240 months for conspiring to affect commerce, and 180 months for carjacking. The district court also imposed sentences of 240 months and 60 months for Gilbert's two firearm offenses, with the instruction that they run consecutively to each other and to his sentence for conspiring to distribute drugs.

Gilbert moved for a reduction of his sentence under Amendment 782. The government acknowledged that the amendment applied to Gilbert and reduced his base offense level to 36, which was then increased by one level for his multiple offenses, *see* U.S.S.G. § 3D1.4. But the government opposed any reduction of Gilbert's sentence based on the statutory sentencing factors, which required consideration of his involvement in the planning and selection of the robbery victims, the violent nature of the robberies, his criminal history, and the record of

3

his escalating criminal behavior. *See* 18 U.S.C. § 3553(a). The district court appointed counsel for Gilbert, who argued for a 32-month reduction in his sentence because that would not create any concerns for the safety of the public and would reflect his efforts to improve his mental health, life skills, and education while in prison.

We review the denial of a motion to reduce a sentence for abuse of discretion. *United States v. Jules*, 595 F.3d 1239, 1241 (11th Cir. 2010). A district court may reduce a term of imprisonment when the defendant's guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). After the district court recalculates the sentence under the amended guidelines, it must decide, in the light of the statutory sentencing factors, *id.* § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000).

The district court did not abuse its discretion when it denied Gilbert's motion. The district court determined that Gilbert was eligible for a reduction. But upon consideration of Gilbert's motion and the parties' arguments, the district court decided to retain Gilbert's sentence of 324 months. That sentence, the district court reasonably determined, was warranted "in view of the violent nature of the three home invasion robberies during which [Gilbert and his cohorts] used and

4

carried firearms." *See* 18 U.S.C. § 3553(a). The district court was not required to address or explain the weight that it assigned each individual sentencing factor in its order denying Gilbert's motion. *See United States v. Brown*, 104 F.3d 1254, 1256 (11th Cir. 1997).

We **AFFIRM** the denial of Gilbert's motion to reduce.