[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14883
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00204-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES WILLIE ASKEW, III,
a.k.a. Q,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 31, 2018)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

James Willie Askew, III appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 240-month sentence. The district court determined that Askew was eligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines, but determined, in the exercise of its discretion, that a sentence reduction was not appropriate in Askew's case. After careful review, we affirm the district court's denial of Askew's § 3582(c)(2) motion.[1]

## I. BACKGROUND FACTS

### A. Original Sentence

A jury convicted Askew and his codefendant of conspiring to possess 50 grams or more of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court calculated an advisory guidelines range of 97 to 121 months imprisonment, but because Askew was subject to a ten-year mandatory minimum sentence, his final guidelines range was 120 to 121 months.

The district court varied upward to and sentenced Askew to 240 months' imprisonment. The district court noted that Askew had recently received a total 120-month sentence in a separate federal case (for possessing crack cocaine with intent to distribute and using or carrying a firearm in relation to a drug trafficking

---

[1]We review the district court's decision whether to grant a sentence reduction under § 3582(c)(2) for an abuse of discretion. United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009).

offense).  The district court stated that the instant 240-month sentence was to run consecutive to that and any other sentence.  In explaining the upward variance, the district court said:

> It is clear to me that you had quite a drug operation going on. And I don't want to say I don't want to waste my breath, but I think you are fully aware that you were exchanging the lives of other people for your own profit, and that's regrettable.  I don't think the guidelines sufficiently reach the level that you should be punished for this offense or accomplish the sentencing goals set forth in the federal statutes.

After Askew objected to the substantive reasonableness of the sentence, the district court stated "for the record" that it had "just sentenced [Askew's] co-defendant to 240 months as well," and "it is apparent to me that she is pitiful, and that this fellow right here had all - - he is obviously smart, obviously got a lot on the ball, and I think that the guideline range just isn't sufficient, didn't sufficiently indicate the appropriate punishment that he should receive."  In its statement of reasons, the district court further stressed that Askew was smarter and more capable than his "pitiful" co-defendant, who also received a 240-month sentence, and that "[t]his was a large drug operation and [Askew] ruined many lives for his benefit."

## B.    Direct Appeal

On direct appeal, this Court affirmed Askew's conviction and sentence, concluding, inter alia, that the district court's 119-month upward variance was substantively reasonable.  United States v. Finch, 359 F. App'x 976, 983 (11th Cir.

3

2010). This Court noted that: (1) the evidence adduced at trial established that Askew maintained control over a crack house at which numerous individuals bought, sold, and used crack cocaine, and that Askew sold and used crack cocaine himself; (2) Askew had prior convictions for possession of cocaine with intent to distribute and using or carrying a firearm during a drug trafficking offense; (3) had Askew's prior convictions become final before he committed the instant conspiracy offense, he would have subject to the same 240-month mandatory minimum as his codefendant; and (4) Askew's military, work, and family history weighed against a lower sentence because it showed he "had the capability and personal support to lead a legitimate lifestyle." Id. at 983-84.

## C.    Section 3582(c)(2) Proceedings

In 2017, Askew filed this counseled § 3582(c)(2) motion based on Amendment 782, which reduced his base offense level from 30 to 26 and his initial advisory guidelines range to 63-78 months. Askew acknowledged, however, that he was still subject to the ten-year mandatory minimum, which meant his final advisory guidelines range was 120 months. Askew asked the district court to reduce his sentence to 120 months based on: (1) his good conduct in prison; and (2) the fact that his co-defendant's 240-month sentence had been commuted by President Obama and would now expire on January 19, 2019, removing one of the reasons for Askew's upward variance.

The district court denied Askew's § 3582(c)(2) motion, stating that it had considered Askew's motion, the policy statement set forth in U.S.S.G. § 1B1.10, and the 18 U.S.C. § 3553(a) factors. The district court determined that Askew was subject to a previous guidelines range of 120 to 121 months, and an amended guideline range of 120 months. The district court concluded that "[a] sentence of 240 months remains appropriate for this defendant based upon his conduct in this case and the need to protect the public from further crimes by the defendant." The district court further stated:

> The [c]ourt has considered each of the sentencing factors at 18 U.S.C. § 3553(a). In determining whether and to what extent a reduction is warranted, in the interest of public safety, the court has considered the nature and seriousness of any danger the defendant might present to any person or to the community. Also, in making its determination, the court has considered the information contained in the presentence report, the Statement of Reasons, []as well as the defendant's post-sentencing conduct. Further, in making its determination, the court has used the guideline range determined pursuant to § 1B1.1(a), which was determined before consideration of departures and/or variances.

## II.  SECTION 3582(c)(2) REDUCTIONS

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements, which are set out in U.S.S.G. § 1B1.10. Id.

The district court applies a two-step approach in deciding whether to reduce a defendant's sentence under § 3582(c)(2).  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  First, the district court must determine the amended guidelines range that would have applied to the defendant if the retroactive amendment had been in effect at the time the defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1); United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  Second, the district court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence.  Bravo, 203 F.3d at 781.  In exercising its discretion whether to reduce a defendant's sentence, the district court must consider the 18 U.S.C. § 3553(a) factors and the nature and severity of the danger to any person posed by a sentence reduction, and it may consider the defendant's post-sentencing conduct.  U.S.S.G. 1B1.10 cmt. n.1(B); Smith, 568 F.3d at 927.

With respect to the statutory factors, the district court is required to consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any pertinent policy

6

statement from the Sentencing Commission.  18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5).

The district court is not required to state how each factor applies to the defendant's case if the record shows that it considered the pertinent § 3553(a) factors.  Smith, 568 F.3d at 927.  That is, the district court is not required to "present particular findings on each individual factor listed in 18 U.S.C. § 3553," so long as it is clear the district court considered those factors and set forth adequate reasons for its refusal to reduce the defendant's sentence.  United States v. Brown, 104 F.3d 1254, 1255-56 (11th Cir. 1997) (affirming the denial of a sentence reduction where the district court mentioned the scope of the crack-cocaine conspiracy, the defendant's significant involvement, and his lack of remorse or acceptance of responsibility).  The district court has discretion to determine how much weight to afford a specific § 3553(a) factor.  United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015).

### III.  ASKEW'S ARGUMENTS ON APPEAL

Askew argues that the district court abused its discretion by unreasonably balancing the 18 U.S.C. § 3553(a) factors.  Specifically, Askew argues that President Obama's commutation of his co-defendant's 240-month sentence, Askew's age, and intervening changes in the policies underlying federal "crack" cocaine sentencing all weigh in favor of a substantial sentence reduction.

7

Here, Askew has not shown that the district court abused its discretion in weighing the § 3553(a) factors. The record shows that the district court followed the proper two-step procedure, first determining that Askew was subject to a previous advisory guidelines range of 120-121 months, and an amended guidelines range of 120 months after Amendment 782. Second, in determining that a sentence reduction was not warranted in Askew's case, the district court explicitly stated that it had considered Askew's motion and the § 3553(a) factors and specifically referenced several factors that weighed against a sentence reduction. In particular, the district court concluded that a 240-month sentence remained appropriate in light of the seriousness of Askew's offense conduct and the need to protect the public from further crimes by Askew. See 18 U.S.C. § 3553(a)(2)(A), (C).

The district court's explanation is consistent with its determinations at Askew's original sentencing that the advisory guidelines range of 120-121 months did not "sufficiently reach the level that [Askew] should be punished for this offense" and that Askew, who was "obviously smart," and "had quite a drug operation going on," had "exchang[ed] the lives of other people for [his] own profit." It was within the district court's discretion to give greater weight to these factors in denying Askew's § 3582(c)(2) motion.

8

Further, the district court was not required to explicitly address either the commutation of his co-defendant's sentence, which Askew raised in his § 3582(c)(2) motion, or Askew's age and recent changes to the sentencing laws, which Askew did not raise in his § 3582(c)(2) motion.[2] See Smith, 568 F.3d at 927; Brown, 104 F.3d at 1255-56. The record clearly demonstrates that the district court considered Askew's mitigation arguments in his § 3582(c)(2) motion and the pertinent § 3553(a) factors and that the district court set forth adequate reasons for its decision to deny Askew's request for a sentence reduction.

Accordingly, the district court did not abuse its discretion in denying Askew's § 3582(c)(2) motion.

**AFFIRMED.**

---

[2]We nonetheless note that the President's commutation of his co-defendant's sentence did not require the district court to reduce Askew's sentence to avoid an unwarranted sentence disparity.