[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11802

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TEDRICK DIRELL WHITERS,
a.k.a. Knight,
a.k.a. Kilo,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

2                          Opinion of the Court                    23-11802

D.C. Docket No. 4:12-cr-00009-MLB-WEJ-1

_____

Before JORDAN, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Tedrick Whiters appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. Whiters argues that the district court erred in weighing the 18 U.S.C. § 3553(a) factors by giving too much weight to the seriousness of the offense and his past criminal history and failing to give enough weight to his history and characteristics as well as his post-conviction conduct. After thorough review, we affirm.

We review the district court's decision of whether to grant a sentence reduction under § 3582(c)(2) for abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009). A district court may abuse its discretion by failing to apply the proper legal standard or by failing to follow proper procedures. *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010). "When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (quotations omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range

that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended Guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Then, the court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence. *Id.* at 781. The court must consider the § 3553(a) factors and the nature and severity of danger to any person posed by a sentence reduction, and it may consider the defendant's post-sentencing conduct. *Smith*, 568 F.3d at 927.

When imposing a sentence, a district court shall consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any pertinent policy statement from the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5). It is not required to state how each factor applies to the defendant's case if the record shows that it considered the pertinent § 3553(a) factors. *Smith*, 568 F.3d at 927. The court can demonstrate that it has considered the § 3553(a) factors by stating which factors weigh against granting a sentence reduction, even if it does not present particular findings for each individual factor. *See United States v. Brown*, 104 F.3d 1254, 1255–56

(11th Cir. 1997) (affirming the denial of a sentence reduction where the district court mentioned the scope of the crack-cocaine conspiracy, the defendant's significant involvement, and his lack of remorse or acceptance of responsibility).  The district court has discretion to determine how much weight to grant to a specific § 3553(a) factor.  *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

Here, the district court did not abuse its discretion by denying Whiters's § 3582(c)(2) motion.  As the record reflects, the district court complied with the two-part procedure for analyzing § 3582(c)(2) motions by determining that Whiters was eligible for a sentence reduction, but that the reduction was not warranted under § 3553(a).  *Bravo*, 203 F.3d at 780–81.   In so doing, the court properly considered the § 3553(a) factors and noted which facts weighed against the sentence reduction.  *Smith*, 568 F.3d at 927; 18 U.S.C. § 3553(a).

In particular, the district court explained that the underlying crime of conviction was "no ordinary drug deal," but "was an attempt to rob a drug dealer and to use a firearm in doing so."  It found that Whiters "was at the heart of the conspiracy," leading the drug transaction "from the start"; supervising two codefendants, who had to "obtain clearance" from Whiters "before they could make any moves" in their negotiations with the dealer, a confidential informant; meeting and speaking directly with the confidential informant; and driving his crew to the scene of the crime.  The court added that even though Whiters did not physically

possess a firearm during the drug deal, he was the leader of the conspiracy and did not leave the scene when another codefendant pulled a firearm. It also noted that, while drug quantity played a role in the original Guidelines calculation, the seriousness of the offense drove the sentencing determinations, which is why Whiters was the only one of the codefendants to receive a heightened sentence.

Based on the seriousness of the offense, Whiters's leadership role, the benefit from his plea bargain, and his criminal history -- including eleven prior convictions, several of which involved injuries to women, and which indicated to the court that he was a "danger to other people and in need of greater deterrence" -- the court found that the § 3553(a) factors did not warrant a reduction. It also expressly considered Whiters's post-sentencing conduct and difficult childhood, and still found that the § 3553(a) factors did not warrant a reduction, which was well within its discretion to do. *Alvarado*, 808 F.3d at 496. On this record, the district court did not abuse its discretion in denying Whiters's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**