[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14089

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARRYL PETERKINE,
a.k.a. Darrell Peterkine,
a.k.a. Duey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 9:15-cr-80005-RLR-1

_____

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Darryl Peterkine, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. On appeal, Peterkine argues that the district court abused its discretion in denying his motion before he submitted a reply to the government's response. He also asserts that the district court abused its discretion in finding that a reduction was not warranted under the § 3553(a) factors. For the following reasons, we affirm.

## I.

"We review a district court's application of its local rules for an abuse of discretion." *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015). "The challenging party bears the burden of showing that the district court made a clear error of judgment." *Id.* A district court abuses its discretion only if it applies an incorrect legal standard, applies the law in an unreasonable manner, follows improper procedures in making its determination, or makes clearly erroneous factual findings. *Id.* We "will not typically second-guess the district court's interpretation of its own Rule regarding timeliness in an effort to avoid undermining the goal of those standards

that local rules seek to establish." *Id.* at 1247 (quotation marks omitted).

The local rules for the Southern District of Florida provide that a reply to a response opposing a motion must be filed within seven days after the response is filed and served. S.D. Fla. Local Rule 7.1(c)(1). Time is computed in accordance with the applicable federal rules of procedure. *Id.* Under the Federal Rules of Criminal Procedure, a party who receives service by mail has an additional three days to file a reply. *See* Fed. R. Crim. P. 45(c) (providing an additional three days to respond for parties who receive service by mail under Rule 49(a)(4)(C)). When a party serves his opponent by mail, service is complete upon mailing. Fed. R. Crim. P. 49(a)(4)(C).

Here, we conclude that the district court did not abuse its discretion in denying Peterkine's motion before he submitted a reply. Under the district court's local rules, Peterkine had ten days to file a reply from the time the government mailed its response. S.D. Fla. Local Rule 7.1(c)(1); Fed. R. Crim. P. 45(c); Fed. R. Crim. P. 49(a)(4)(C). In this case, 15 days passed from November 21, 2023, when the government mailed its response, until December 6, 2023, when the district court entered its order. Thus, the district court did not apply an incorrect legal standard or make a clear error of judgment in applying its local rule on timeliness and deciding to rule on Peterkine's motion without his reply. *McLean*, 802 F.3d at 1233.

Accordingly, we affirm as to this issue.

II.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*. *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). But we review the discretionary decision of whether to grant a sentence reduction under § 3582(c)(2) for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*)).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Then, the court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence. *Id.* at 781. The court must consider the § 3553(a) factors and the nature and severity of danger to any person posed by a sentence reduction, and it may

consider the defendant's post-sentencing conduct. *Smith*, 568 F.3d at 927.

When imposing a sentence, a district court shall consider, among other factors: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; and (7) any pertinent policy statement from the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5).

Sentencing courts are required to consider all of the applicable sentencing factors. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). "[T]he weight given to each factor is committed to the sound discretion of the district court," and we will not second guess the weight given to a factor "so long as the sentence is reasonable under the circumstances." *Id.* "In fact, a district court may attach great weight to one factor over others." *Id.* A sentencing court is also not required to state how each factor applies to the defendant's case if the record shows that it considered the pertinent § 3553(a) factors. *Smith*, 568 F.3d at 927. The court can demonstrate that it has considered the § 3553(a) factors by stating which factors weigh against granting a sentence reduction, even if it does not present particular findings for each individual factor. *See United States v. Brown*, 104 F.3d 1254, 1255-56 (11th Cir. 1997) (affirming the denial of a sentence reduction where the district court

mentioned the scope of the crack-cocaine conspiracy, the defendant's significant involvement, and his lack of remorse or acceptance of responsibility).

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821 ("Amendment 821"). In the Amendment, which the Commission stated should be applied retroactively, U.S.S.G. § 4A1.1(d) (2021), was stricken and replaced with U.S.S.G. § 4A1.1(e). U.S.S.G. amend. 821 (2023). To limit the impact of criminal history "status points" on a defendant's sentence, the amended guideline adds only 1 point "if the defendant (1) receives 7 or more points under § 4A1.1(a) through (d), and (2) committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence." 2023 Amendments at 49-50. The Commission also provided that Amendment 821 would be retroactively applicable. U.S.S.G. amend. 825 (2023).

We conclude that the district court did not abuse its discretion by denying Peterkine's § 3582(c)(2) motion. First, the district court complied with the two-part procedure for analyzing Peterkine's § 3582(c)(2) motion by determining that he was eligible for a sentence reduction, but that the reduction was not warranted under § 3553(a). *Bravo*, 203 F.3d at 780. Second, the district court adequately considered the § 3553(a) factors and identified the factors weighing against the grant of a reduction, namely the nature and circumstances of the offense; Peterkine's history and

23-14089                Opinion of the Court                7

characteristics; and the need for the sentence to reflect the serious-ness of the offense, promote respect for the law, provide just pun-ishment, and afford adequate deterrence. *Brown*, 104 F.3d at 1255-56.

Accordingly, we affirm as to this issue as well.

**AFFIRMED.**