[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-11439

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEONARD WILLIAMS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20015-RNS-1

————————————————

Before ROSENBAUM, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Leonard Williams appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. He argues that the district court abused its discretion by failing to consider or address the need to avoid unwarranted sentencing disparities, by relying on his extensive criminal history, and by focusing on the fact that he was on supervised release at the time that he committed the underlying offense of conviction. Williams also argues that the district court erred by failing to consider or follow the policy statement at U.S.S.G. § 1B1.10(b)(1). After careful review, we conclude that the district court did not abuse its discretion in denying Williams's motion for a reduced sentence.

We review a district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Section 3582(c)(2) permits a district court to reduce the term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission" so long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has indicated that sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered

as a result of an amendment listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a). If a defendant is eligible for a sentence reduction under § 3582(c)(2), a court must consider the 18 U.S.C. § 3553(a) factors to determine whether such a reduction is warranted. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 827 (2010). The district court must consider several sentencing factors, including the nature of the offense, the defendant's character and history, unwarranted sentencing disparities, and the need for the sentence imposed to reflect the seriousness of the offense, punish the defendant, and deter crime. 18 U.S.C. § 3553(a).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We have recognized that district courts enjoy broad discretion in weighing the § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1203 (11th Cir. 2008). The court has discretion to decide how much weight to give to each § 3553(a) factor. *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008). Furthermore, the court does not need to state or discuss each factor explicitly. *United States. v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). An acknowledgment that the defendant's arguments and the § 3553(a) factors were considered by the district court is typically sufficient. *Id.*

Here, we conclude that the district court did not abuse its discretion. While the district court did not focus its analysis on the need to avoid unwarranted sentencing disparities, it expressly stated that it considered the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence and protect the public from Williams's further crimes. The district court was not required to discuss all factors explicitly. *Gonzalez*, 550 F.3d at 1324.

Nor did the district court abuse its discretion in emphasizing that Williams committed new crimes—bank robberies—while on supervised release. The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Williams*, 526 F.3d at 1322. Here, the district court found that Williams did not "last two weeks on supervised release before violating it" by "absconding from a halfway house in order to commit two new bank robberies," which supported the conclusion that a sentence reduction would not "afford adequate deterrence" to further criminal conduct and would not "protect the public from further crimes of the [D]efendant." "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances. In fact, a district court may attach great weight to one § 3553(a) factor over others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). As such, we conclude that the district court did not abuse its discretion in attaching greater weight to some § 3553(a) factors (*i.e.*, criminal history, deterrence, and protecting the public) than to others.

Finally, Williams claims that the district court ignored the policy statement at U.S.S.G. § 1B1.10(b)(1), which instructs the court to "leave all other guideline application decisions unaffected" when determining the amended guideline range that would have been applicable had the amendment been in effect at the time the defendant was originally sentenced. However, Williams fails to explain how the district court abused its discretion, as a district court is not obligated to reduce a defendant's sentence when his guideline range is lowered by a subsequent amendment that applies retroactively. *See United States v. Brown*, 104 F.3d 1254, 1255 (11th Cir. 1997) ("When a sentencing guideline is amended to benefit an offender and retroactive application is authorized, the district court *may* reduce the previously imposed sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.'" (emphasis added) (quoting § 3582(c)(2)). Here, Williams himself admits that "the district court properly calculated the amended guideline range." We thus conclude that the district court did not abuse its discretion on this basis.

In sum, Williams has not demonstrated that the district court abused its discretion by failing to afford consideration to relevant factors that were due significant weight, giving an improper or irrelevant factor significant weight, or committing a clear error of judgment by balancing the factors unreasonably. *See Irey*, 612 F.3d at 1189. Accordingly, for the reasons stated, we affirm the district court's denial of Williams's motion for a sentence reduction.

6                          Opinion of the Court                          24-11439

**AFFIRMED.**