CLD-281                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3018
_____

LEONARD HENRY,
                                    Appellant

v.

DAVID J. EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-1195)
District Judge:  Honorable: Richard P. Conaboy

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 17, 2012)
_____

OPINION
_____

PER CURIAM

        Leonard Henry appeals <u>pro</u> <u>se</u> from the order of the United States District Court

for the Middle District of Pennsylvania dismissing his petition for writ of habeas corpus

for lack of jurisdiction as an unauthorized second or successive motion pursuant to 28

U.S.C. §2255.  We will summarily affirm the judgment of the District Court.

I

In 1995, Leonard Henry was convicted after a jury trial of a number of drug and firearm related offenses, including possession of a machine gun. His convictions resulted in an aggregate term of life imprisonment plus 30 years, which was imposed by the Southern District of Florida in 1995. The United States Court of Appeals for the Eleventh Circuit affirmed. Henry then sought relief pursuant to 28 U.S.C. §2255, but without success.

On April 8, 2009, Henry filed a petition pursuant to 28 U.S.C. §2241, challenging the legality of his conviction for possession of a machine gun. The District Court summarily dismissed the petition for lack of jurisdiction on the basis that his challenge could not be properly asserted in a §2241 action. See Henry v. Holt, Civil No. 3:CV-09-644, 2009 WL 1609403 (M.D.Pa. Jun. 9, 2009.). Henry filed the present §2241petition in June of 2012. The District Court dismissed the petition as a second or successive habeas petition, and for failing to demonstrate that his §2255 remedy is inadequate or ineffective to provide relief. This timely appeal followed.

II

We have appellate jurisdiction under 28 U.S.C. §1291. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4.

Henry is filing a §2241 petition, arguing that the trial court failed to give proper jury instructions with respect to the definition of a machine gun. When challenging the

2

validity of a federal conviction, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to §2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge can only be brought under § 2241 if "it appears that . . . the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). This exception is extremely narrow, and applies "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a §2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Henry claims that §2255 is inadequate or ineffective because, when he presented this claim in his §2255 motion, the district court rejected it as procedurally barred because he should have raised it in direct appeal.[1] Henry v. United States, Civ. No 01-cv-000567 (S.D. Fl. 2001). However, the mere fact that his claim was unsuccessful does not mean that §2255 is inadequate or ineffective, while the fact that he raised it before bars him from doing so again. Queen v. Miner, 530 F.3d 253 (3d Cir. 2008).

Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the District Court's order.

---

[1] The district court also briefly reviewed the claim, and found that, had it not been procedurally barred, it would have been meritless.