GLD-213                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2746
_____

LEONARD HENRY,
                                        Appellant

v.

UNITED STATES ATTORNEY GENERAL;
WARDEN, USP CANAAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-00879)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit Judges</u>

(Opinion filed: May 2, 2013)
_____

OPINION
_____

PER CURIAM

        Leonard Henry, proceeding pro se, appeals the United States District Court for the

Middle District of Pennsylvania's order dismissing Henry's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Because this appeal does not present a substantial

question, we will summarily affirm for principally the same reasons as given by the District Court.

I.

Following a jury trial in 1994 in the United States District Court for the Southern District of Florida, Henry was convicted of conspiracy to possess with intent to distribute cocaine and various firearm charges stemming from a conspiracy to rob a shipment of cocaine from Colombian drug dealers in Miami. Henry was sentenced to life imprisonment, a concurrent term of 120 months, and a consecutive term of 30 years. The United States Court of Appeals for the Eleventh Circuit affirmed Henry's conviction and sentence in September 1999. Henry filed a motion pursuant to 28 U.S.C. § 2255 in February 2001. In the motion, Henry raised eighteen claims based on ineffective assistance of trial counsel, trial court errors, lack of jurisdiction, and defective indictments. The Southern District of Florida denied Henry's § 2255 motion because some claims were procedurally defaulted and the remainder lacked merit. Henry's appeal was dismissed for failure to pay the filing fees.

Henry filed the present petition for writ of habeas corpus in May 2012 in the United States District Court for the Middle District of Pennsylvania. In his petition, Henry sought relief alleging that his sentence exceeded the statutory maximum and that his previous claims were not fully and fairly considered at trial, on direct appeal, and during postconviction relief proceedings resulting in a violation of due process and other constitutional violations. Henry argued that due to those errors and violations, he is

entitled to relief under § 2241. The District Court dismissed the § 2241 petition for lack of jurisdiction because Henry failed to show that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy that would permit Henry to challenge his conviction and sentence through § 2241. Henry appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of facts." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

Upon review, we conclude that the District Court properly dismissed Henry's § 2241 petition for lack of jurisdiction. A federal prisoner's collateral challenge to the legality of his conviction and sentence must be raised in a § 2255 motion, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255; see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A remedy is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his claims. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). The remedy's inefficacy, rather than a prisoner's inability to use it, is determinative. Id. This exception is

extremely narrow and applies only in rare circumstances. See Dorsainvil, 199 F.3d at 251-52.

The fact that Henry previously filed a § 2255 motion that was denied, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective. See id. at 251. Further, Henry's argument that his claims were "never given a full or fair hearing or consideration," does not establish that § 2255 is inadequate or ineffective. See Cradle, 290 F.3d at 538-39. To the extent that Henry alleged errors in his previous § 2255 proceeding before the Southern District of Florida, any relief that he may have been entitled to due to an error in those proceedings should have been sought in an appeal to the Eleventh Circuit and not through § 2241. See, e.g. id.

Finally, in response to the notice of possible summary action, Henry argues that the District Court erred by sua sponte dismissing his petition for lack of jurisdiction without giving him prior notice and an opportunity to respond. However, as noted by the District Court, federal courts are obligated to sua sponte identify jurisdictional defects. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278-79 (1977); Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 739-40 (1976). The District Court also noted that pursuant to Rule 4 of the Rules Governing § 2254 Cases, made applicable to § 2241 petitions under Rule 1(b), dismissal without providing a petitioner an opportunity to respond is appropriate when it is clear from the face of the petition that jurisdiction is lacking. See Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984). Consequently,

4

the District Court properly sua sponte dismissed Henry's petition for lack of subject matter jurisdiction and without prejudice to Henry seeking leave from the Eleventh Circuit to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.

IV.

In short, Henry did not show that § 2255 is inadequate or ineffective. Accordingly, the District Court did not err in dismissing Henry's § 2241 petition for lack of jurisdiction. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Henry's § 2241 petition for essentially the same reasons as set forth by the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.