[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12705
Non-Argument Calendar

_____

D.C. Docket No. 1:93-cr-00123-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD HENRY,
a.k.a. Rafta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2016)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Leonard Henry, proceeding with counsel, appeals the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  BACKGROUND

In 1994, a jury convicted Defendant of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; knowingly using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c) and 2; possession of a machine gun, in violation of 18 U.S.C. §§ 922(o)(1), 924(a)(2) and 2; possession of unregistered firearms, in violation of 26 U.S.C. §§ 5861(d), 5871 and 18 U.S.C. § 2; and intimidating a witness, in violation of 18 U.S.C. § 1512(b)(1) and (2).

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR").  The PSR assigned Defendant a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(a)(3) because the offense involved 150 kilograms or more of cocaine.  Defendant also received a four-level increase pursuant to U.S.S.G. § 3E1.1(a) because he was an organizer or leader in the conspiracy, and a two-level increase under U.S.S.G. § 3C1.1 for obstruction of justice.  As a result, Defendant had a total offense level of 44.  Because Defendant had zero criminal history points, the PSR assigned him a criminal history category of I.  Based on a

total offense level of 44 and a criminal history category of I, the PSR calculated a guideline range of life imprisonment. The PSR also stated that Defendant was subject to a mandatory 30-year consecutive sentence for his conviction for use of a firearm during a drug trafficking crime. The district court ultimately sentenced Defendant to life imprisonment followed by a consecutive 30-year sentence.

In 2015, Defendant filed a counseled § 3582(c)(2) motion, asserting that he was eligible for a sentence reduction because Amendment 782 lowered his guideline range.[1] He further argued that the 18 U.S.C. § 3553(a) factors did not warrant a sentence in excess of 60 years' imprisonment, especially given Defendant's advanced age and his likelihood of deportation. After considering the § 3553(a) factors, the district court denied Defendant's motion, concluding that Defendant remained ineligible for a sentence reduction based on the nature and circumstances of his offense.

Defendant now appeals arguing that the district court unreasonably weighed the § 3553(a) factors in denying his motion. In particular, he asserts that he does not present a risk of danger to the community given his advanced age, and he would likely be deported upon his release. Moreover, even if his sentence were

---

[1] Before counsel was appointed to represent Defendant, he had initially filed a § 3582(c)(2) motion based on Amendment 693. The district court later denied Defendant's motion for a sentence reduction pursuant to Amendment 693. Defendant, however, does not challenge the denial of that motion on appeal.

reduced to 360 months' imprisonment, he would still face a minimum of 60 years' imprisonment based on the mandatory consecutive 30-year sentence.

## II.  DISCUSSION

We review the district court's decision to deny a sentence reduction under § 3582(c)(2) for an abuse of discretion.  *United States v. Jules*, 595 F.3d 1239, 1241 (11th Cir. 2010).

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as a result of the amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Amendment 782 reduced the base offense level for most drug offenses by two levels.  *Id.* § 1B1.10(d); U.S.S.G. App. C. Amend. 782 (2014).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the district court must "determin[e] a new base level by substituting the amended guideline range for the originally applied guideline range, and then us[e] that new base level to determine what ultimate sentence it would have imposed."  *Id.*  At this step, all other guideline application decisions made during the original

4

sentencing remain the same. *Id.* Second, the district court must decide whether, in its discretion and in light of the 18 U.S.C. § 3553(a) factors,[2] to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781.

Here, the district court did not abuse its discretion by denying Defendant's motion for a sentence reduction. The district court complied with the two-part procedure for analyzing Defendant's § 3582(c)(2) motion. Both parties agree that although the district court stated that Defendant was ineligible for a sentence reduction, the district court exercised its discretion in denying Defendant's motion. Indeed, at the district court's request, the probation officer submitted a report, which stated that Amendment 782 lowered Defendant's base offense level to 36. With all other guidelines calculations remaining the same, Defendant had an amended guideline range of 360 months' to life imprisonment.

After determining that Defendant was eligible for a sentence reduction, the district court was required to consider the § 3553(a) factors. *See Bravo*, 203 F.3d at 780. And indeed the district court did so by explicitly stating that it had

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

considered the § 3553(a) factors, and by referencing several facts related to those factors that weighed against a sentence reduction.  As noted by the district court, Defendant's leadership role in a gang that conspired to commit an armed robbery of a drug dealer, in addition to Defendant's role as an organizer of a conspiracy whose sole purpose was to rob and murder weighed against a sentence reduction. *See United States v. Brown*, 104 F.3d 1254, 1255–56 (11th Cir. 1997) (affirming the district court's discretionary denial of defendant's motion for a sentence reduction because of defendant's significant involvement in a large cocaine conspiracy, as well as his lack of remorse and acceptance of responsibility).

We are not persuaded by Defendant's arguments that the district court abused its discretion in denying his motion due to his advanced age and likelihood of deportation, or by focusing on Defendant's offense conduct, which Defendant asserts had already been taken into account by the guidelines calculations. Defendant essentially takes issue with the weight the district court assigned to the § 3553(a) factors; however, the weight to assign each factor is entirely within the district court's discretion.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. . . ." (quotations omitted)). In short, we cannot say the district court abused its discretion, as Defendant has not shown that the district court "fail[ed] to apply the proper legal standard or to

follow proper procedures in making its determination." *Jules*, 595 F.3d at 1242

(quotations and alteration omitted).

**AFFIRMED.**