BLD-064                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3678
_____

LEONARD HENRY,
                                    Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:15-cv-08775)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: February 9, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Federal prisoner Leonard Henry, proceeding pro se, appeals from the orders of the United States District Court for the District of New Jersey dismissing his habeas petition and denying his related motion to reconsider. For the reasons that follow, we will summarily affirm both orders.

I.

A jury sitting in the United States District Court for the Southern District of Florida found Henry guilty of charges stemming from a conspiracy to rob a shipment of cocaine in Miami, including conspiracy to possess with intent to distribute cocaine and various firearms offenses. Henry received a sentence of life in prison, a concurrent term of 10 years, and a consecutive term of 30 years. The United States Court of Appeals for the Eleventh Circuit affirmed the judgment in September 1999. Henry unsuccessfully sought relief under 28 U.S.C. § 2255. He has also filed several unsuccessful § 2241 petitions. See, e.g., Henry v. Ebbert, 484 F. App'x 702 (3d Cir. 2012) (per curiam); Henry v. U.S. Att'y Gen., 525 F. App'x 67 (3d Cir. 2013) (per curiam).

In December 2015, Henry filed this § 2241 petition in the District of New Jersey seeking relief based on Burrage v. United States, 134 S. Ct. 881 (2014). In that case, the Supreme Court explained, in pertinent part, that the "death results" sentencing enhancement in 21 U.S.C. § 841(b)(1) "is an element that must be submitted to the jury and found beyond a reasonable doubt." Burrage, 134 S. Ct. at 887.[1]   Henry asserted that

_____

constitute binding precedent.
[1] This enhancement increases the mandatory minimum and maximum sentences when

2

he is "actually innocent" of an enhanced sentence as a result of Burrage and asked to be resentenced for a misdemeanor drug conviction.[2] He claimed that the jury never found beyond a reasonable doubt that he possessed or distributed any form of drug and that the District Court improperly "by-passed [the] statutory minimum or increased his penalty," exposing him to a greater sentence based on 300 kilograms of cocaine. On May 2, 2016, the District Court dismissed the petition for lack of jurisdiction, concluding that a § 2255 motion was not an inadequate or ineffective means of challenging his sentence. Henry timely moved for reconsideration. On July 19, 2016, the District Court entered an order denying reconsideration. This appeal followed.[3]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[4] We exercise plenary review over the District Court's dismissal of Henry's habeas petition, see Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam), and we review the District Court's denial of his motion to reconsider for abuse

---

"death or serious bodily injury results from the use of [the controlled substance in question]." 21 U.S.C. § 841(b)(1)(A)-(C).

[2] At the time the petition was filed, Henry was incarcerated in the Federal Correctional Institution-Fairton in Fairton, New Jersey.

[3] Henry's notice of appeal, dated September 16, 2016, and postmarked September 19, 2016, was timely. See Fed. R. App. P. 4(a); Houston v. Lack, 487 U.S. 266, 276 (1988); see also Fed. R. Civ. P. 6(a).

[4] Henry does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on

3

of discretion, see Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). In reviewing each of these orders, we examine the District Court's legal conclusions under a de novo standard and the District Court's factual findings under a clearly erroneous standard. See Cradle, 290 F.3d at 538 (discussing review of order dismissing habeas petition); Howard Hess Dental Labs. Inc., 602 F.3d at 246 (discussing review of order denying reconsideration). We may take summary action if this appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As we have previously explained, "§ 2255 must be used to raise a challenge to the validity of a [federal prisoner's] conviction or sentence unless that section is 'inadequate or ineffective.'" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the federal prisoner cannot meet the gatekeeping requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

---

other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

III.

We agree with the District Court that this case is not one of the rare instances where § 2255 would be inadequate or ineffective. The Supreme Court's decision in Burrage did not decriminalize the conduct for which Henry was convicted. Rather, as relevant to Henry's case, Burrage merely applied Apprendi v. New Jersey, 530 U.S. 466 (2000), and one of Apprendi's progeny, Alleyne v. United States, 133 S. Ct. 2151 (2013). See Burrage, 134 S. Ct. at 887.[5] We have previously held that a § 2255 motion is not an inadequate or ineffective vehicle for raising an Apprendi-based argument. See Okereke, 307 F.3d at 120-21. Accordingly, the District Court correctly concluded that Henry could not resort to § 2241 to raise his legal claim, and the District Court did not err in denying his motion to reconsider.[6]

IV.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's May 2, 2016, and July 19, 2016 orders.

---

[5] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the same rule applies to "facts that increase mandatory minimum sentences." 133 S. Ct. at 2163.

[6] Even if the District Court had jurisdiction under 28 U.S.C. § 2241, Henry would not be entitled to relief under Burrage because his case did not involve a finding of death or serious bodily injury. See Burrage, 134 S. Ct. at 892; United States v. Henry, 653 F. App'x 678, 679 (11th Cir. 2016) (per curiam).