[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14442
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00866-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO SUAREZ,
a.k.a. Wilson Rosario,
a.k.a. Andre Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 23, 2019)

Before MARCUS, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Francisco Suarez, proceeding pro se, appeals the district court's denial of his

motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on

Amendment 782 to the Sentencing Guidelines.  On appeal, Suarez argues that the district court's analysis was "technically procedurally incomplete" because it (1) did not discuss public safety considerations, (2) relied on his leadership role in the offense, (3) applied an incorrect legal standard in its sentencing disparity analysis, and (4) did not mention the rule of lenity.  After thorough review, we affirm.

We review the district court's decision of whether to grant a sentence reduction under § 3582(c)(2) for abuse of discretion.  United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009).  A district court may abuse its discretion by failing to apply the proper legal standard or by failing to follow proper procedures.  United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that the Sentencing Commission later lowered.  18 U.S.C. § 3582(c)(2).  Any sentence reduction, however, must be consistent with the Sentencing Commission's policy statements. Id.  When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  Then, the court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended guidelines or retain the original sentence.  Id. at 781.  In making that decision, the court must consider the § 3553(a) factors and the nature and severity of danger to any person

posed by a sentence reduction.  Smith, 568 F.3d at 927.  The court also may consider the defendant's post-sentencing conduct.  Id.

The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the guideline range; (7) any pertinent policy statement from the Sentencing Commission, and (8) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5), (a)(6).  The court can show that it considered the § 3553(a) factors by identifying factors weighing against a sentence reduction, even if it does not make particular findings for each factor.  See United States v. Brown, 104 F.3d 1254, 1255-56 (11th Cir. 1997).  The district court has discretion to determine how much weight to give a specific § 3553(a) factor.  United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015).

The district court is not required to state how each factor applies to the defendant's case if the record shows that it considered the pertinent factors.  Smith, 568 F.3d at 927.  Similarly, "a district court commits no reversible error by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a)

factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). In Eggersdorf, the district court's order declining to resentence Eggersdorf was short, but said that it had reviewed the relevant motions and the record, and was otherwise duly advised. Id. at 1322. We held that the court gave sufficient reasons for its order and that the record demonstrated that it had considered the pertinent sentencing factors, particularly since the same district court judge sentenced the defendant and later declined to reduce his sentence. Id. at 1322-23.

The need to avoid unwarranted sentencing disparities can also mean "the need to avoid unwarranted similarities among other co-conspirators who were not similarly situated." Gall v. United States, 552 U.S. 38, 54-55 (2007). In Gall, the Supreme Court held that a defendant's sentence was reasonable where the district court gave him a less severe sentence than his three codefendants because he voluntarily withdrew from the conspiracy and his codefendants did not. Id. at 55-56. It noted that the district court gave specific attention to the issue of disparity by inquiring about the sentences already imposed by a different judge on two of the defendant's codefendants. Id. at 54.

"The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." United States v. Santos, 553 U.S. 507, 514 (2008). However, "[t]he simple existence of some statutory ambiguity . . . is not

4

sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." Muscarello v. United States, 524 U.S. 125, 138 (1998). The rule of lenity applies only where, "after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute such that the Court must simply guess as to what Congress intended." Barber v. Thomas, 560 U.S. 474, 488 (2010) (citations and quotation omitted). Where "the Sentencing Commission's intent is clear, we need not address the rule of lenity" concerning a sentencing guideline. United States v. Wright, 607 F.3d 708, 713 (11th Cir. 2010).

Here, the district court did not abuse its discretion by denying Suarez's § 3582(c)(2) motion because, after determining that Suarez was eligible for a sentence reduction, it adequately considered the § 3553(a) factors in concluding that a reduction was not warranted. As the record reveals, the district court identified § 3553(a) factors weighing against a reduction and the facts relevant to those factors. The court first discussed Suarez's history and characteristics, specifically his leadership role in directing codefendants in the operation of multiple stash houses containing drugs and firearms. See 18 U.S.C. § 3553(a)(1). It then considered the unwarranted disparity between Suarez's and his less culpable codefendants' sentences that a sentence reduction would create. See id. Suarez's argument that no such disparity can exist because he is not similarly situated to his codefendants

5

misses the point -- it is the lack of similarity in their criminal conduct that warrants a longer sentence for him.  See Gall, 552 U.S. at 54-55; 18 U.S.C. § 3553(a)(6).

Nor did the district court abuse its discretion by not explicitly addressing all of the § 3553(a) factors or public safety considerations; it was not required to do so. Smith, 568 F.3d at 927; Eggersdorf, 126 F.3d at 1322.  Like the district court in Eggersdorf, the court here used a short order that referenced the parties' briefs and the § 3553(a) factors, and the record otherwise shows that the district court took pertinent factors into account, especially since the same court that sentenced Suarez also declined to reduce his sentence.  Eggersdorf, 126 F.3d at 1320-22.  In short, Suarez has not shown that the district court applied the wrong legal standard, failed to follow the proper procedure, or improperly considered the § 3553(a) factors.  See Jules, 595 F.3d at 1241-42; Alvarado, 808 F.3d at 496.

Finally, contrary to Suarez's argument, there is no ambiguity, much less grievous ambiguity, in Chapter 5, Part A of the guidelines (i.e., the sentencing table). That the table lists only life imprisonment, rather than a range of months, for the highest offense level does not make it ambiguous.  Because the sentencing commission's intent regarding the table is clear, the rule of lenity is not implicated. See Wright, 607 F.3d at 713.

**AFFIRMED**.

6